IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOURDES GUADALUPE LOREDO ALANIS                                    PETITIONER

v.                                                CIVIL ACTION NO.: 3:16-cv-00268-GHD-RP

JOSE CARMEN BADILLO REYES                                          RESPONDENT

### MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR COSTS, EXPENSES, AND ATTORNEY'S FEES

Presently before the Court is a motion for costs, expenses, and attorney's fees [22] filed by Petitioner Lourdes Guadalupe Loredo Alanis ("Petitioner") pursuant to the International Child Abduction Remedies Act (the "ICARA"), 42 U.S.C. § 11603. Respondent Jose Carmen Badillo Reyes ("Respondent") has not filed a response, and the time for doing so has now passed. The matter is now ripe for review. Upon due consideration, the Court finds that the motion should be granted in part and denied in part, for the reasons set forth below.

*I.     Factual and Procedural Background*

On September 26, 2016, Petitioner filed an application pursuant to the Hague Convention with the Mexican authorities, claiming that Respondent had wrongfully retained her minor child, DFB, from the child's habitual residence of Mexico. Pet. [1] ¶ 10. On November 21, 2016, Petitioner filed in this Court her verified petition [1] for return of her minor daughter under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the ICARA. On January 5, 2017, Petitioner filed an expedited motion [8] for preliminary relief and for an expedited hearing. On January 26, 2017, the Court conducted a hearing on the motion; Petitioner, Respondent, and DFB were present. From the bench, the Court granted the petition and ordered that DFB be returned to Petitioner in Mexico. Subsequently, on January 30,

1

2017, the Court entered an Order [19] and memorandum opinion [20] fully setting forth its reasoning for the decision and detailing the testimony and evidence presented at the hearing. On February 17, 2017, Petitioner filed a bill of costs [21] with supporting documentation. On March 7, 2017, the Clerk of Court taxed Petitioner's bill of costs against Respondent in the amount of $2,429, specifically for the following: fees of the Clerk, $400; fees for service of summons and subpoena, $35; fees for witnesses, $635.80; compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828, $300; and mileage incurred by Petitioner and Anel Valdivia to return DFB to Mexico, pursuant to the Court's Order, $1,058.20.

On February 24, 2017, Petitioner filed the present motion for costs, expenses, and attorney's fees [22]. As stated, Respondent has not filed a response.

## II.    *Analysis and Discussion*

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). "Under this 'American Rule,' we follow 'a general practice of not awarding fees to a prevailing party absent explicit statutory authority.' " *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 602, 121 S. Ct. 1835 (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994)). "Congress . . . has authorized the award of attorneys' fees to the 'prevailing party' in numerous statutes, including the ICARA." *Salazar v. Maimon*, 750 F.3d 514, 521 (5th Cir. 2014).

Petitioner maintains that she is entitled to costs, expenses, and attorney's fees under the ICARA and attaches to her motion [22] supporting documentation, including her counsel's

mileage computation to attend the hearing and the affidavit of LaToya C. Merritt, a Mississippi attorney, concerning the reasonableness of the fee for legal representation, as well as Petitioner's counsel's billing entries and itemized costs. The ICARA provides in pertinent part:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). The fact that Petitioner's legal representation was *pro bono* does not render the award of fees and costs improper. *See Salazar*, 750 F.3d at 518 (citing *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (withholding fees from *pro bono* counsel would undermine the Hague Convention's policy of effective and speedy return of abducted children)). "[T]he prevailing petitioner is presumptively entitled to necessary costs and the statute shifts the burden of proof onto a losing respondent to show why an award of necessary expenses would be 'clearly inappropriate.'" *Id.* at 520 (citing *Sealed Appellant v. Sealed Appellee*, 394 F.3d 338, 346 (5th Cir. 2004)). In the case *sub judice*, because Respondent did not file a response, he cannot establish that an order awarding costs, expenses, and attorney's fees would be "clearly inappropriate." *See Ostos v. Vega*, No. 3:14-CV-3935-L, 2016 WL 1170830, at *1 (N.D. Tex. Mar. 25, 2016).

A prevailing party may recover only attorney's fees that were "reasonably expended" on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (citing S. REP. NO. 94–1011, p. 6 (1976)); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993). The fee applicant bears the burden of proof on this issue. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Fifth Circuit has approved a two-step process for analyzing the

3

awarding of attorney's fees under the ICARA wherein the Court must (1) calculate reasonable attorney's fees and (2) review the fees in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Salazar*, 750 F.3d at 523.

The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees, multiplying the number of hours spent on the matter by a reasonable hourly rate for such work in the community. *Cantu Servs., Inc. v. Frazier*, No. 16-31035, 2017 WL 1089508, at *3 (5th Cir. Mar. 22, 2017) (citing *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016)). Reasonable hourly rates are typically calculated through affidavits by attorneys practicing in the community in which the district court is located. *Tollett v. City of Kemah, Tex.*, 285 F.3d 357, 368 (5th Cir. 2002). "In calculating the lodestar, '[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.'" *Combs*, 829 F.3d at 392. However, "there is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010).

After calculating the lodestar figure, the Court must consider the twelve *Johnson* factors, which are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717–19). The degree of success is "the

most critical factor" in determining the reasonableness of an attorney's fee award. *Hensley*, 461 U.S. at 434, 103 S. Ct. 1933.

In the case *sub judice*, Petitioner's counsel states and provides documentation supporting that he expended 56.25 hours on the case, and at his 2016 billing rate of $210 and 2017 rate of $220, the lodestar calculation is $12,210. Petitioner's counsel attaches his own detailed billing record documenting the hours he worked and each service performed, as well as the affidavit of LaToya C. Merritt, a Mississippi attorney, supporting the reasonableness of Petitioner's counsel's fee and hourly billing rate for the legal representation and supporting the *Johnson* factors.

According to Merritt's affidavit, Petitioner's counsel has handled or provided assistance in numerous litigation matters in the federal district courts in the State of Mississippi since joining the firm of Phelps Dunbar, LLP. Although Merritt acknowledges in her affidavit that the case *sub judice* was "not novel, as the law of international child abduction is reasonably well-established in U[nited] S[tates] federal courts," she attests that "[i]t was moderately difficult . . . to apply that law to the unique facts and circumstances of this case." Merritt's Aff. [22-2] ¶ 11. Merritt further attests that "[t]he time limitations in this case were shorter than other cases of its relative complexity, given the time constraints contained within the Hague Convention." *Id.* ¶ 12. Merritt also attests that the hours Petitioner's counsel spent working on the case could have been spent on other matters for other firm clients and that his work on this case precluded him from performing as much work on other matters. Merritt attests that the case, which was the first the firm has handled for Petitioner, was not undesirable and that the fees involved were not large relative to a typical matter upon which Petitioner's counsel would be staffed. Merritt further attests that attorneys have obtained greater fee awards in other ICARA cases. Finally, as Merritt

attests, Petitioner won his case, that is, the Court granted Petitioner the return of DFB due to wrongful retention. The Court finds Merritt's affidavit crucial to its determination as to the reasonableness of the requested attorney's fees, as it demonstrates the *Johnson* factors weigh heavily in favor of granting Petitioner's request for attorney's fees. Furthermore, Petitioner's counsel's billing record indicate that the time spent on the case was reasonable.

Pages one and two of the billing record detail Petitioner's counsel's preparation of the verified petition, related communication, and work concerning effectuating service of process on Respondent. Pages three and four of the billing record detail work concerning effectuating service of process on Respondent and related communication and additionally includes line items related to communication with the Court about the status of the case and the preparation of the motion for preliminary relief, as well as communication concerning the hearing on the motion. Page four of the billing record also includes line items related to communication concerning the hearing, drafting pretrial briefing, matters concerning the interpreter, and counsel's conferences with Petitioner. In carefully examining these line items in light of the *Johnson* factors, the Court finds that the time spent on these tasks, which were necessary to the proceedings, was reasonable.

On page four of the billing record, Petitioner's counsel additionally details his travel time to and from the hearing in Aberdeen, Mississippi, as well as counsel's time to participate in the hearing before the Court. However, he does so in a single line item, with a combined total of 12 hours. Therefore, the exact time claimed for counsel's travel is unclear, and the Court finds it necessary to examine its own minute entry for the hearing for clarification. *See Hensley*, 461 U.S. at 434, 103 S. Ct. 1933; *Gallardo*, 2013 WL 12129920, at *5. The Court's minute entry for the January 26, 2017 hearing demonstrates that the total time for the hearing was 2.67 hours.

Ct.'s Minute Entry for Prelim. Inj. H'rg [18] at 1. Therefore, the Court finds that Petitioner claims 9.33 hours for travel, possible hearing preparation, and set-up; and 2.67 hours for attendance at the hearing. The Court finds that the time claimed for the travel time and hearing attendance is reasonable.

On pages four and five of the billing record are line items for communication concerning the return of DFB to Mexico, clearly reimbursable as reasonable and a necessary expense under the ICARA. Finally, also listed on the billing record are the following line items entered after DFB's return to Mexico was confirmed:

> 2/3/2017, .50 hour, $110, began preparation of motion for fees and costs;
> 2/16/2017, .50 hour, $110, continued preparation of bill of costs and supporting exhibits/documentation;
> 2/17/2017, .25 hour, $55, continued preparation of bill of costs and supporting exhibits/documentation; and
> 2/20/2017, .50 hour, $110, continued preparation of motion for costs.

The Court finds that these items are proper and recoverable, as "[i]t is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation." *See Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985).

Based on all of the foregoing, the Court finds that the lodestar figure is reasonable and that Petitioner's counsel's billing documentation reflects reasonable time, not excessive, duplicative, or inadequately documented time. Respondent, having not responded to the motion, has failed to meet his burden of showing that an award of attorney's fees would be clearly inappropriate. Therefore, Petitioner is entitled to attorney's fees in the amount of $12,210.

Petitioner additionally requests reimbursement for other costs and expenses, including those enumerated in his bill of costs. Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides in relevant part that costs—other

than attorney's fees—should be allowed to the prevailing party. FED. R. CIV. P. 54(d)(1). Recoverable costs generally include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services. 28 U.S.C. § 1920. Therefore, the following costs enumerated in the bill of costs are recoverable under Section 1920: fees of the Clerk, $400; fees for service of summons and subpoena, $35; fees for witnesses, $635.80; and compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828, $300. Furthermore, Petitioner's requested reimbursement of $205.30 for copying is a recoverable cost under Section 1920, because Petitioner has verified through supporting documentation that the particular copies were "necessarily obtained for use in the case." *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010).

Petitioner additionally requests reimbursement of the following miscellaneous fees: long-distance telephone calls, $31.34; legal research via Westlaw searches, $495.16; United Parcel Service mailings, $54.67; and postage to mail two packages, $14.33. Petitioner's counsel has demonstrated the necessity of the long distance telephone calls, having included line items indicating the necessity of calling the United States State Department, an attorney in Mexico, the Mexican consulate, and Petitioner concerning the return of DFB to Mexico. However, Petitioner's counsel has not demonstrated the necessity of the other miscellaneous fees for legal research via Westlaw searches, United Parcel Service mailings, and postage. He provides no explanation of the research he conducted in the documented 197 searches on Westlaw totaling $495.16. Costs for legal research may be a "necessary expense[ ] incurred" and are therefore sometimes awardable under the ICARA. *See* 42 U.S.C. § 11607(b)(3). However, because

Petitioner has not explained what these particular searches entailed, the Court cannot ascertain their necessity without further information. Because the Court is unable to determine their necessity without further information, the Court will disallow these amounts. Similarly, the Court will disallow the amounts for mailings and postage. Several courts in the Fifth Circuit, including this Court, have held that postage is not recoverable under Section 1920. *See Smith v. Jaco*, No. 2:12-CV-00075-GHD, 2015 WL 2168892, at *2 (N.D. Miss. May 7, 2015); *Kmart Corp. v. Kroger Co.*, No. 1:11-CV-00103-GHD, 2014 WL 3510488, at *10 (N.D. Miss. July 14, 2014); *Ducote Jax Holdings, L.L.C. v. Bank One Corp.*, No. 04-1943, 2007 WL 4233683, at *6 (E.D. La. Nov. 28, 2007); *Noel Studio, Inc. v. Ewell*, No. 4:06-CV-208, 2006 WL 3317095, at *2 (E.D. Tex. Oct. 30, 2006); *Auto Wax Co. v. Mark v. Prods., Inc.*, No. 3:99-CV-982-M, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002); *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508, 518 (N.D. Tex. 1996). Further, Petitioner has not demonstrated the necessity of these costs. Therefore, of the miscellaneous fees claimed, only the long-distance telephone calls are reimbursable.

Petitioner also requests reimbursement of $170.50 in mileage incurred by Petitioner's counsel for travel to the hearing. Petitioner attaches to his motion supporting documentation demonstrating the number of miles he traveled. "Reasonable transportation and lodging costs incurred by an out-of-town attorney are awardable under § 11607(b)(3)." *Saldivar v. Rodela*, 894 F. Supp. 2d 916, 944 (W.D. Tex. 2012) (citing *Cuellar*, 603 F.3d at 1143). The Court finds that Petitioner has demonstrated the necessity of this expense.

Finally, in the bill of costs, Petitioner requests $1,058.20 for mileage incurred by Petitioner and Anel Valdivia to return DFB to Mexico. The Court finds that this travel cost is

proper under the ICARA, as it was a "necessary expense[] incurred by or on behalf of the petitioner . . . related to the return of the child." *See* 22 U.S.C. § 9007(b)(3).

"The court may reduce a fee award in a Hague Convention case, if it prevents the respondent-parent with straitened financial condition from caring for his child." *Saldivar*, 894 F. Supp. 2d at 942 (citing *Rydder v. Rydder*, 49 F.3d 369, 373–74 (8th Cir. 1995); *Whallon v. Lynn*, 356 F.3d 138, 139–40 (1st Cir. 2004)); *see also Norinder v. Fuentes*, 657 F.3d 526, 536–37 (7th Cir. 2011). "Such reduction is equitable in nature, *Rydder*, 49 F.3d at 374, and the Court has 'broad discretion,' *Whallon*, 356 F.3d at 140." *Id.* "In determining whether and to what extent a fee award should be reduced on the basis of the respondent's financial situation, the Court inquires 'whether respondent has clearly established that it is likely that h[is] child will be significantly adversely affected by the court's award.' " *Id.* However, in the case *sub judice*, this determination cannot be made, because Respondent has not to date provided any argument that any such award would be improper based on his financial situation. Accordingly, Petitioner is entitled to the costs, expenses, and attorney's fees set forth in this Court's corresponding order.

### III. Conclusion

For all of the foregoing reasons, the Court finds that Petitioner's motion for costs, expenses, and attorney's fees [22] shall be GRANTED IN PART AND DENIED IN PART. Petitioner shall be awarded $12,210 in reasonable attorney's fees and $2,821.59 in ancillary costs and expenses. The total amount of costs, expenses, and attorney's fees is $15,031.59. Respondent shall pay this amount to Petitioner Lourdes Guadalupe Loredo Alanis.

An order in accordance with this opinion shall issue this day. Interest shall accrue on the amount awarded Petitioner Lourdes Guadalupe Loredo Alanis at the rate of 1.02 % from the date of the order until it is paid in full.

THIS, the 24th day of April, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

11